IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 1:09-cv-00658-REB-CBS
*(Consolidated with Civil Action Nos. 09-cv-00952-REB-CBS and 09-cv-01050-REB-CBS)*

D. EDWARD WALTER, DEMITRA DAGRES,
and PETER FRAGALE, individually and on behalf of
all others similarly situated,

    Plaintiffs,

v.

LEVEL 3 COMMUNICATIONS, INC., ET AL.

    Defendants.

---

## STIPULATION AND PROTECTIVE ORDER

---

Each Party and their Counsel stipulate and move the Court for a Protective Order under Federal Rule of Civil Procedure 26(c) concerning the treatment of Protected Material (defined below) and, in support, state as follows:

    1.    Disclosures and discovery in this action will involve the production of confidential, proprietary, and private information. Production of this information outside of the litigation could result in significant injury to one or more of the Parties' business or privacy interests. Moreover, production of this information to litigants in other factually-related cases (the Securities Action and Derivative Actions, both defined below) may circumvent statutory limitations on discovery in those matters. As a result, special protection from public disclosure and from use for any purpose other than prosecuting this litigation is warranted. Accordingly, the Parties stipulate to and petition the Court to enter the following Protective Order for the purpose of preventing the disclosure and

use of Protected Material, except according to the terms of this Protective Order.

2.  **DEFINITIONS**

(a) Confidential Information:  any Disclosure and Discovery Material, including any description, extract, abstract, chart, summary, note, or copy made therefrom, not made available to the public, designated in the manner provided in this Protective Order, and that contains proprietary or commercially sensitive business and financial information, trade secrets, personal financial information, personal data, or otherwise is subject to protection under Federal Rule of Civil Procedure 26(c).

(b) Consultant/Expert:  any Non-Party as defined in Section 2(i) retained by a Party or a Party's Counsel:  (i) to provide litigation consulting services (including without limitation imaging or litigation support vendors); (ii) as a consulting Expert; and/or (iii) as a testifying Expert.

(c) Counsel: any attorney representing a Party or Non-Party in this action, including all attorneys of a law firm (regardless of whether any individual attorney has entered an appearance in the case) and non-attorney employees of a law firm such as deputies, paralegals, stenographic, clerical and secretarial personnel.

(d) Derivative Actions:  *Iron Workers District Counsel of Tennessee Valley & Vicinity Pension Plan v. James Crowe, et al.*, United States District Court for the District of Colorado, Case No. 09-cv-2914 REB-BNB, and *In re Level 3 Communications, Inc. Derivative Litigation*, No. 09-cv-59, Colorado District Court for Broomfield County.

(e) Designating Party:  a Party or Non-Party that designates Disclosure and Discovery Material as Confidential Information or Highly Confidential Information

according to this Protective Order.

(f) <u>Disclosure and Discovery Material</u>: all "documents and electronically stored information," as defined in Federal Rule of Civil Procedure 34(a); any testimony, whether from depositions or hearings; and any other information – regardless of the medium or manner generated, stored, or maintained (including, among other things, testimony, transcripts, or tangible things) – that is produced or generated in disclosures or responses to discovery in this action.

(g) <u>Expert</u>: A Non-Party with specialized knowledge or experience in a matter pertinent to the litigation who has been retained by a Party or by a Party's Counsel to serve as an expert witness or consultant in this action. This definition includes a professional jury or trial consultants retained in connection with this litigation.

(h) <u>Highly Confidential Information</u>: Discrete categories of extremely sensitive and confidential competitive and/or proprietary information, the disclosure of which could reveal significant competitive and/or business strategies and whose disclosure other than as specified in this Protective Order would create a substantial risk of serious injury that could not be avoided by less restrictive means and that is designated in the matter provided in this Protective Order.

(i) <u>Non-Party</u>: a third-party individual or entity, including their officers, directors, employees, consultants, agents, and Counsel, that is not a Party.

(j) <u>Party</u>: any plaintiff or defendant to this action, including their officers, directors, employees, agents, and Counsel.

(k) <u>Protected Material</u>: any Disclosure or Discovery Material that is designated as Confidential Information or Highly Confidential Information, as well as any

information copied or extracted therefrom, including descriptions, copies, excerpts, summaries, or compilations, plus testimony, conversations, or presentations by any Party or Counsel in Court or in other settings that might reveal the Confidential Information or Highly Confidential Information.

(l) Receiving Party: a Party that receives Disclosure and Discovery Material or Protected Material.

(m) Securities Action: *In re Level 3 Communications, Inc. Securities Litigation*, United States District Court for the District of Colorado, Case No. 1:09-cv-00200-PAB-CBS.

3. **DESIGNATING PROTECTED MATERIAL**

(a) Disclosure and Discovery Material produced in documentary form shall be designated Confidential Information or Highly Confidential Information by imprinting, as appropriate, "CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER" or "HIGHLY CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER" (or a similar legend) on each page of a produced document so designated. If only a portion of the material is designated, the Designating Party must identify the protected portion(s) and the desired designation.

(b) Disclosure and Discovery Material produced in narrative form (for example, as an initial disclosure or in a response to an interrogatory) shall be designated Confidential Information or Highly Confidential Information by imprinting, as appropriate, "CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER" or "HIGHLY CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER" (or a similar legend) on each page of a produced document so designated. If only a portion of the material is

designated, the Designating Party must identify the protected portion(s) and the desired designation.

(c) Disclosure and Discovery Material contained in transcribed testimony shall be designated, as appropriate, Confidential Information or Highly Confidential Information by giving written notice to opposing counsel identifying the portions designated, and the desired designation, no later than twenty-one calendar days after receipt of the transcribed testimony. Before the twenty-one calendar days expire, the entire transcript shall be treated as Highly Confidential Information.

(d) Each Designating Party agrees to limit their designation to the specific material that qualifies under appropriate standards so that other portions of Disclosure and Discovery Material for which protection is not warranted are not swept unjustifiably within the ambit of this Protective Order. In particular, the Parties anticipate that the Highly Confidential Information designation will be used sparingly and only for the most highly-sensitive material, or to prevent circumvention of statutory limitations on discovery in the Securities Action and Derivative Actions. At this preliminary stage of the litigation, the Parties cannot anticipate all of the material that might fit into this category, but examples include documents that reflect competitive intelligence or agreements of a sensitive nature that could adversely affect a Party if disclosed even in part to a competitor, and documents that by other agreement or court order require this restrictive treatment.

(e) If timely corrected, an inadvertent failure to designate qualified Disclosure and Discovery Material as Confidential Information or Highly Confidential Information does not, standing alone, waive the Designating Party's right to secure

protection under this Protective Order. If material is appropriately designated as Confidential Information or Highly Confidential Information after the material is initially produced, the Receiving Party, on timely notification of the designation, must make reasonable efforts to assure that the material is treated in accordance with the provisions of this Protective Order.

4. **LIMITATIONS ON USE OF PROTECTED MATERIAL**

(a) Protected Material may be used only for the purpose of this litigation and not for any business or other purpose whatsoever. Individuals authorized to review Protected Material under this Protective Order shall hold the Protected Material in confidence and shall not divulge the Protected Material, either verbally or in writing, to any person, entity, or government agency unless authorized or compelled to do so by Court order or subpoena, or as provided in this Protective Order.

(b) Protected Material shall not be communicated or disclosed to any litigant, counsel, Consultant/Expert, or other third-party that is involved with, or that reasonably may become involved with, the Securities Action or the Derivative Actions, except with specific advance written approval from the Designating Party and, in the case of Protected Material produced by Non-Parties, from all Parties.

(c) Subject to other provisions in this Protective Order, Confidential Information may be disclosed to the following, who have signed an "Acknowledgement and Agreement to be Bound by Protective Order" in the form of Exhibit A:

(i) A Party.

(ii) A Party's Counsel.

(iii) Consultants/Experts.

6

(iv) Any mediator retained by the Parties or appointed by the Court in this action, and to employees of such mediator who are assisting in the conduct of the mediation.

(v) Deponents, or witnesses at trial or hearings.

(vi) The Party or Non-Party that wrote or received the document or gave the testimony designated as Confidential Information.

(vii) Other Non-Parties, if the Designating Party agrees in writing in advance of the disclosure or if the Court permits upon a showing of good cause.

(d) Subject to other provisions in this Protective Order, Highly Confidential Information may be disclosed to the following, who have signed an "Acknowledgement and Agreement to be Bound by Protective Order" in the form of Exhibit A:

(i) A Party, who may review, but not retain copies of, Highly Confidential Information.

(ii) A Party's Counsel.

(iii) Consultants/Experts, subject to conditions or limitations to be set by the Court with consultation by the Parties. To the extent any condition or limitation applies to Plaintiffs, it likewise shall apply to Defendants regardless of which party produced the Highly Confidential Information. (The Parties shall meet and confer as to such conditions and limitations and contact the Court regarding resolution of any dispute that may exist or any agreed upon conditions and limitations.)

(iv) Any mediator retained by the Parties or appointed by the Court in this action, and to employees of such mediator who are assisting in the conduct

of the mediation.

(v) Deponents, or witnesses at trial or hearings, provided that the examining Party has a good faith basis for believing that the deponent or witness has previously had access to Highly Confidential Information.

(e) Protected Material may be disclosed in this action to the Court and its personnel. This Protective Order does not restrict the Court's or its personnel's use of Protected Material.

(f) A Designating Party may disclose, in the normal course of business or affairs, Protected Materials that it designated as Confidential Information or Highly Confidential Information to individuals that are not listed in section 4 without affecting the protections afforded the Protected Materials under this Protective Order but must otherwise comply with the provisions of this Protective Order.

(g) Any Party seeking to use Protected Material in any Court filing or proceeding in this action must seek to file the Protected Material under seal according to the requirements of D.C.COLO.LCivR 7.2. Protected Material used in any Court filing or proceeding in this action, including but not limited to use at trial, shall not lose its status as Protected Material as between the Parties through such use.

(h) Counsel for a Receiving Party who discloses Protected Material to others shall be responsible for ensuring compliance with this Protective Order by persons to whom the Protected Material is disclosed. This Counsel shall obtain and retain the original "Acknowledgement and Agreement to be Bound by Protective Order," in the form of Exhibit A, signed by qualified recipients of Protected Material, and shall maintain a list of all persons to whom any Protected Material is disclosed by that

Counsel or their client for a period of two years after the termination of this litigation, including any appeals.

    (i)  During the pendency of this action, Counsel for a Party may, upon Court order or agreement of the Parties, inspect the list maintained under this sub-paragraph.

    (ii)  Counsel seeking inspection of this list must show a need for such review in order to establish the source of an unauthorized disclosure of Protected Material. If Counsel disagree about the need, then Counsel seeking inspection may seek a Court order requiring inspection under terms and conditions deemed appropriate by the Court.

    (i)  If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected Material to any person or in any circumstance not authorized under this Protective Order, the Receiving Party must immediately (a) notify in writing the Designating Party and other Parties of the unauthorized disclosure, (b) use its best efforts to retrieve all copies of the Protected Material, (c) inform the person or persons to whom the unauthorized disclosure was made of the terms of this Protective Order, and (d) use its best efforts to obtain an executed "Acknowledgement and Agreement to be Bound by Protective Order," in the form attached as Exhibit A, from the person or persons.

  5.  **CHALLENGING DESIGNATIONS**

    (a)  If Counsel for a Receiving Party objects to the designation of certain information as Protected Material, he or she shall promptly inform Counsel for the Designating Party, with a copy to all Parties, in writing of the specific grounds of

objection to the designation.  Counsel shall then attempt in good faith to resolve the dispute.

(b) If the Counsel are unable to resolve the dispute within 7 days after the date of the notice objecting to the designation, Counsel may schedule a telephonic conference with the Court to discuss the dispute.  Counsel may provide an appropriate sampling of documents with disputed confidentiality designations to the Court's chambers for an *in camera* review a reasonable time before the telephonic conference, with copies to all other Counsel.  Any documents submitted to the Court for *in camera* review shall not be filed with the Court.  If the Court does not resolve the dispute during the telephonic conference, the Court may order one or both Parties to file a motion with the Court and may order an expedited briefing schedule.

(c) Until the dispute is resolved, the Protected Material shall be designated Confidential Information or Highly Confidential Information, as applicable.

6. **PRIVILEGE**

(a) Nothing in this Protective Order requires disclosure of Disclosure and Discovery Material that the Disclosing Party contends are protected from disclosure by the attorney-client privilege, the work-product doctrine, or any other applicable privilege or doctrine recognized by law (collectively, "Privilege").

(b) A Party's or Non-Party's inadvertent production of Disclosure and Discovery Material subject to a Privilege shall not waive the Privilege solely as a result of the production.  The Party or Non-Party claiming a Privilege may retrieve the inadvertently-produced Disclosure and Discovery Material by giving written notice of the claim of privilege and the basis of the claim, to all Receiving Parties within 7 calendar

days of the date on which the Party or Non-Party claiming a Privilege became aware of the inadvertent production.

(c)     Upon receipt of a notice, all Receiving Parties must promptly return to the Party or Non-Party claiming a Privilege, sequester, or destroy the Disclosure and Discovery Material subject to a Privilege and any copies it has.  The recipients of a notice must not use or disclose the information until the claim of Privilege is resolved. The recipients of a notice also must take reasonable steps to retrieve the information if it has been further disclosed before being notified.

(d)     The terms of this paragraph shall not be deemed a waiver of a Receiving Party's right to contest the claim of Privilege by promptly presenting (within 28 days of the notice of the Claim of Privilege) the information to the Court under seal for a determination of the claim.

(e)     Compliance with the procedures in this Protective Order paragraph 6 satisfies Federal Rule of Civil Procedure 26(b)(5)(B) and Federal Rule of Evidence 502(b).

(f)     The obligations of this Protective Order are binding on the Parties and Non-Parties in this proceeding, and all other federal and state proceedings, to the fullest extent permitted by Federal Rule of Evidence 502.

7.   **DURATION**

(a)     The termination of this action shall not relieve Counsel or other persons obligated under this Protective Order from their responsibility to maintain the confidentiality of Protected Material.

(b)     Within 120 days of the termination of this litigation, including any

appeals, Counsel shall destroy or return to the Designating Party all Protected Material subject to this Protective Order, and all descriptions, extracts, abstracts, charts, summaries, notes or copies made therefrom.  All Counsel for a Party shall execute a certificate of compliance herewith and shall deliver the same to Counsel for the Designating Party within the 120 days discussed above.

      (c)     Notwithstanding the provisions of section 7(b), Counsel for the Parties may each retain one archival copy of all pleadings, motion papers, and other materials submitted to the Court, deposition exhibits, deposition transcripts, transcripts of Court proceedings, Court exhibits as are regularly maintained by Counsel in the ordinary course of business, even if such materials contain Protected Materials, and including documents that have been filed under seal with the Court.  Such materials shall continue to be treated as Protected Material under this Protective Order.

      (d)     The Court shall retain continuing jurisdiction to enforce the terms of this Protective Order.

    8.     **MISCELLANEOUS**

      (a)     Nothing in this Protective Order restricts the right of any person to seek its modification by the Court in the future upon a showing of good cause.  The Parties also may agree to, or the Court may order, modifications to this Protective Order.  The Parties may apply to the Court for additional protections for certain Disclosure and Discovery Material.

      (b)     By stipulating to the entry of this Protective Order, no Party waives any right it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this Protective Order. Similarly, no Party waives

any right to object on any ground to use in evidence of any of the material covered by this Protective Order. Nothing in this Protective Order shall be construed to affect in any way the admissibility or Privilege protections of any document, testimony, or other evidence.

DATED at Denver, Colorado, this 13th day of April, 2010.

BY THE COURT:

*s/Craig B. Shaffer*
Craig B. Shaffer
United States Magistrate Judge

Dated: April 9, 2010
STIPULATED AND AGREED BY:

    s/ Ed Ciolko
    Edward W. Ciolko
    Peter Muhic
    Mark K. Gyandoh
    BARROWAY TOPAZ KESSLER MELTZER & CHECK, LLP
    280 King of Prussia Road
    Radnor, PA 19087
    Tel: (610) 667-7706
    eciolko@btkmc.com
    mgyandoh@btkmc.com

    Robert I. Harwood
    HARWOOD FEFFER LLP
    488 Madison Ave., 8th Floor
    New York, NY 10022
    Tel: (212) 935-7400
    rharwood@hfesq.com

    Patrice L. Bishop
    STULL, STULL & BRODY
    10940 Wilshire Boulevard
    Suite 2300
    Los Angeles, CA 90024
    Tel: (310) 209-2468
    pbishop@ssbla.com

    *Attorneys for Plaintiffs*

s/ Paul Flum
Jordan Eth
Paul Flum
MORRISON & FOERSTER LLP
425 Market Street
San Francisco, CA 94105-2482
Telephone: 415.268.7000
Facsimile: 415.268.7522
Email: JEth@mofo.com
PaulFlum@mofo.com

Steven M. Kaufmann
Brian Neil Hoffman
MORRISON & FOERSTER LLP
370 Seventeenth Street, Suite 5200
Denver, Colorado 80202-5638
Telephone: 303.592.1500
Facsimile: 303.592.1510
Email: SKaufmann@mofo.com
BHoffman@mofo.com

*Attorneys for Defendants*

# EXHIBIT A

## Acknowledgement and Agreement to be Bound by Protective Order

I, _____ **[name]**, of _____ **[address and telephone number]**, have read in its entirety and understand the Protective Order issued by the United States District Court for the District of Colorado on _____ **[date]** in the case of *Walter, et al. v. Level 3 Communications, Inc., et al.*, Case No. 1:09-cv-00658-REB-CBS.

I will comply with and be bound by the terms of the Protective Order. I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt. I will not disclose in any manner any information subject to the Protective Order to any person or entity, except in strict compliance with the provisions of the Protective Order. If shown Highly Confidential Information, I will take particular precautions to ensure its protection in accordance with the provisions of the Protective Order.

I agree to submit to the jurisdiction of the United States District Court for the District of Colorado for the purpose of enforcing the terms of the Protective Order, even if such enforcement proceedings occur after termination of this action.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on: _____**[date]**

Signature: _____