**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Robert E. Blackburn**

Civil Action No. 09-cv-00658-REB

D. EDWARD WALTER, individually and on behalf of all others similarly situated,

     Plaintiff,

v.

LEVEL 3 COMMUNICATIONS, INC., et al.,

     Defendants.

_____

**ORDER GRANTING PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT,
PRELIMINARILY CERTIFYING A CLASS FOR SETTLEMENT PURPOSES,
APPROVING FORM AND MANNER OF CLASS NOTICE, AND SETTING
DATE FOR HEARING ON FINAL APPROVAL OF SETTLEMENT**
_____

**Blackburn, J.**

This matter is before the court on the **Plaintiffs' Unopposed Motion for Preliminary Approval of Class Action Settlement, Conditional Certification of Settlement Class, Approval of Class Notice, and Scheduling of a Final Fairness Hearing** [#172][1] filed November 14, 2011.   The motion is granted.

This *Action* involves claims for alleged violations of the Employee Retirement Income Security Act of 1974, as amended, 29 U.S.C. § 1001, *et seq.* ("ERISA"), with respect to the Level 3 Communications, Inc. 401(k) Plan (the "*Plan*").[2]   The terms of the *Settlement* are set out in the Settlement Agreement fully executed as of October 31,

---

[1]      "[#172]" is an example of the convention I use to identify the docket number assigned to a specific paper by the court's electronic case filing and management system (CM/ECF). I use this convention throughout this order.

[2]      All italicized terms not otherwise defined in this Order shall have the same meaning as ascribed to them in the *Settlement Agreement*.

2011 (the "*Agreement*" or "*Settlement Agreement*"), by counsel on behalf of the *Named Plaintiffs* and *Defendants*.

Pursuant to the *Named Plaintiffs'* Motion for Preliminary Approval [#172], filed November 14, 2011, the *District Court* (the "*Court*") preliminarily considered the *Settlement* to determine, among other things, whether the *Settlement* is sufficient to warrant the issuance of notice to members of the proposed *Settlement Class*. The Court has reviewed the *Settlement Agreement* and finds and concludes that issuance of notice to members of the proposed *Settlement Class* is proper.

**THEREFORE, THE COURT FINDS, CONCLUDES, AND ORDERS** as follows:

**1.** *Settlement Class* **Findings** – Solely for the purposes of the *Settlement*, the *Court* preliminarily finds that the requirements of the Federal Rules of Civil Procedure, the United States Constitution, the Rules of this *Court* and any other applicable law have been met as to the *Settlement Class* defined below, in that:

a) The *Court* preliminarily finds, for purposes of settlement only, that, as required by FED. R. CIV. P. 23(a)(1), the *Settlement Class* is ascertainable from records kept with respect to the *Plan* and from other objective criteria, and the members of the *Settlement Class* are so numerous that their joinder before the *Court* would be impracticable.

b) The *Court* preliminarily finds, for purposes of settlement only, that, as required by FED. R. CIV. P. 23(a)(2), there are one or more questions of fact and/or law common to the *Settlement Class*.

c)      The *Court* preliminarily finds, for purposes of settlement only, that, as required by FED. R. CIV. P. 23(a)(3), the claims of the *Named Plaintiffs* are typical of the claims of the *Settlement Class.*

d)      The *Court* preliminarily finds, for purposes of settlement only, that, as required by FED. R. CIV. P. 23(a)(4), that the *Named Plaintiffs* will fairly and adequately protect the interests of the *Settlement Class* in that:  (i) the interests of the *Named Plaintiffs* and the nature of their alleged claims are consistent with those of the members of the *Settlement Class*; (ii) there appear to be no conflicts between or among the *Named Plaintiffs* and the *Settlement Class*; and (iii) the *Named Plaintiffs* and the members of the *Settlement Class* are represented by qualified reputable counsel who are experienced in preparing and prosecuting large, complex ERISA class actions.

e)      The *Court* preliminarily finds, for purposes of settlement only, that, as required by FED. R. CIV. P. 23(b)(1), the prosecution of separate actions by individual members of the *Settlement Class* would create a risk of:  (i) inconsistent or varying adjudications as to individual *Settlement Class* members that would establish incompatible standards of conduct for the parties opposing the claims asserted in this *Action*; or (ii) adjudications as to individual *Settlement Class* members that, as a practical matter, would be dispositive of the interest of the other members not parties to the individual adjudications, or substantially impair or impede the ability of such persons to protect their interests.

f)      The *Court* preliminarily finds, for purposes of settlement only, as required by Rule 23(b)(2), the *Defendants* have acted or did not act on grounds generally applicable to the *Settlement Class*, thereby making appropriate final injunctive

relief or corresponding declaratory relief with respect to the *Settlement Class* as a whole.  Class certification is therefore also appropriate under FED. R. CIV. P. 23(b)(2).

g)      The *Court* preliminarily finds, for purposes of settlement only, that, as required by FED. R. CIV. P. 23(g), *Lead Counsel* and *Liaison Counsel* are capable of fairly and adequately representing the interests of the *Settlement Class*, in that *Lead Counsel* and *Liaison Counsel*:   (i) have done appropriate work identifying or investigating potential claims in the *Action*; (ii) are experienced in handling class actions; and (iii) have committed the necessary resources to represent the *Settlement Class*.

2.      **Class Certification** – The *Court*, in conducting the settlement approval process required by FED. R. CIV. P. 23, preliminarily certifies solely for purposes of settlement the following class under Fed. R. Civ. P. 23(b)(1) and (b)(2) (the "*Settlement Class*"):

a)      All *Persons* (excluding the *Defendants*) who were participants in or beneficiaries (including alternate payees) of the *Plan* at any time between February 8, 2007 and December 22, 2009, and whose accounts included investment in the *Company Stock Fund* at any point during that time period.

b)      The *Court* appoints the *Named Plaintiffs* as the representatives for the *Settlement Class* and *Lead Counsel* and *Liaison Counsel* as counsel for the *Settlement Class*.   Any preliminary certification of a preliminary *Settlement Class* pursuant to the terms of the *Settlement Agreement* shall not constitute and does not constitute, and shall not be construed or used as an admission, concession, or declaration by or against *Defendants* that (except for the purposes of the *Settlement*),

this *Action* or any other action is appropriate for class treatment under Fed. R. Civ. P. 23, or any similar federal or state class action statute or rule, for litigation purposes.

      3.    **Preliminary Findings Regarding Proposed *Settlement*** – The *Court* preliminarily approves the proposed *Settlement* and finds that (a) the proposed *Settlement* resulted from extensive arms-length negotiations with the assistance of an experienced mediator, (b) the *Settlement Agreement* was executed only after *Lead Counsel* and *Liaison Counsel* had conducted appropriate investigation and discovery regarding the strengths and weaknesses of *Named Plaintiffs'* claims, (c) *Lead Counsel* and *Liaison Counsel* have concluded that the proposed *Settlement* is fair, reasonable, and adequate, and (d) the proposed *Settlement* is sufficiently fair, reasonable, and adequate to warrant sending notice of the proposed *Settlement* to the *Settlement Class.* Having considered the essential terms of the *Settlement Agreement* under the recommended standards for preliminary approval of settlements as set forth in relevant jurisprudence, the *Court* finds that those whose claims would be settled, compromised, dismissed, and/or released pursuant to the *Settlement* should be given notice and an opportunity to be heard regarding final approval of the *Settlement* and other matters.

      4.    ***Fairness Hearing*** – A hearing is scheduled for March 23, 2011, at 1:30 p.m. (the "*Fairness Hearing*") to determine, among other things:

- Whether the *Settlement* merits final approval as fair, reasonable, and adequate;

- Whether the *Action* should be dismissed with prejudice pursuant to the terms of the *Settlement*;

- Whether the notice method proposed by the *Parties* (a) constitutes the best practicable notice, (b) constitutes notice reasonably calculated, under the circumstances, to apprise members of the *Settlement Class* of the pendency of the litigation, their right to object to the *Settlement*, and their right to appear at the *Fairness Hearing*, (c) is reasonable and constitutes due, adequate, and sufficient notice to all persons entitled to notice, and (d) meets all applicable requirements of the Federal Rules of Civil Procedure and any other applicable law;

- Whether *Lead Counsel* and *Liaison Counsel* adequately represented the *Settlement Class* for purposes of entering into and implementing the *Settlement*;

- Whether the proposed *Plan of Allocation* should be approved; and

- Whether any application(s) for attorneys' fees and expenses and *Case Contribution Awards* to *Named Plaintiffs* are fair and reasonable and should be approved.

5.      ***Class Notice*** – The *Parties* have presented to the *Court* a proposed form of *Class Notice*, appended hereto as Exhibit A.  **The court orders that counsel for the plaintiffs shall add additional language to the *Class Notice* at two places.**

**First, on page two (2) of the *Class Notice*, in the table titled "YOUR LEGAL RIGHTS AND OPTIONS UNDER THE SETTLEMENT," additional language shall be added to the end of the final sentence at the bottom of the table.  Currently, that sentence ends with "in advance of the Fairness Hearing."  As amended, that sentence shall read: "You may attend the Fairness Hearing even if you do not file**

**a written objection, but you will only be allowed to speak at the Fairness Hearing**

**if you file a written objection in advance of the Fairness Hearing AND you file a**

**Notice of Intention To Appear, as described in the answer to Question 16 in this**

**Notice of Class Action Settlement."**

Second, on page eleven (11) of the *Class Notice*, in the answer to Question

Sixteen (16), additional language shall be added to the end of the second

sentence in the answer to Question Sixteen (16).  Currently, that sentence ends

with "in advance of the Fairness Hearing."  As amended, that sentence shall read:

**"You may attend the Fairness Hearing even if you do not file a written objection,**

**but you will only be allowed to speak at the Fairness Hearing if you file a written**

**objection in advance of the Fairness Hearing AND you file a Notice of Intention To**

**Appear, as described in this paragraph."**

With the amendments specified above, the *Court* finds that the *Class Notice* fairly

and adequately:  (a) describes the terms and effects of the *Settlement Agreement*, the

*Settlement*, and the *Plan of Allocation*; (b) notifies the *Settlement Class* that *Lead*

*Counsel* and *Liaison Counsel* will seek attorneys' fees and reimbursement of expenses

from the *Settlement Fund*, and for a *Case Contribution Award* of up to $7,500.00 for

each of the *Named Plaintiffs* for their services in such capacity; (c) gives notice to the

*Settlement Class* of the time and place of the *Fairness Hearing*; and (d)  describes how

the recipients of the *Class Notice* may object to any of the relief requested.  The *Parties*

have proposed the following manner of communicating the notice to members of the

*Settlement Class*, and the *Court* finds that such proposed manner is the best notice

practicable under the circumstances.  Accordingly, the *Court* directs that *Lead Counsel* and *Liaison Counsel* shall:

- By no later than December 23, 2011, cause the *Class Notice*, with such non-substantive modifications thereto as may be agreed upon by the *Parties*, to be provided by first-class mail, postage prepaid, to the last known address of each member of the *Settlement Class* who can be identified by reasonable effort.

- By no later than December 23, 2011, cause the *Class Notice* to be published on the website identified in the *Class Notice*, www.Level3ERISAsettlement.com, which will also host and make available copies of all *Settlement*-related documents, including the *Settlement Agreement*.

- **Counsel for the plaintiffs shall ensure that the fairness hearing date, the deadline to object to the settlement, and the deadline to file a Notice of Intention To Appear at the fairness hearing all are included in the *Class Notice*, appended hereto as Exhibit A, at the appropriate places, before the *Class Notice* is mailed or published.**

6.      **Objections to *Settlement*** – Any member of the *Settlement Class* may file an objection to the fairness, reasonableness, or adequacy of the *Settlement*, to any term of the *Settlement Agreement*, to the *Plan of Allocation*, to the proposed award of attorneys' fees and expenses, or to the request for a *Case Contribution Award* for the *Named Plaintiffs*.  An objector must file with the *Court* a statement of his, her, or its objection(s), specifying the reason(s), if any, for each such

objection made, including any legal support and/or evidence that the objector wishes to bring to the *Court's* attention or introduce in support of the objection(s). The objector must also mail copies of the objection(s) and any supporting law and/or evidence to *Lead Counsel* and *Liaison Counsel* and to counsel for the *Defendants*.    The address for filing objections with the *Court* and serving objections on counsel are as follows:

*For Filing*:

Clerk of the Court
United States District Court for the District of Colorado
Alfred A. Arraj United States Courthouse, Room A105
901 19th Street
Denver, Colorado 80294
Re:  *Walter, et al. v. Level 3 Communications, Inc. et al.*, Case No. 09-cv-
00658 (REB)

*To Lead Counsel:*

Edward W. Ciolko
Peter A. Muhic
Mark K. Gyandoh
Kessler Topaz Meltzer & Check, LLP
280 King of Prussia Road
Radnor, Pennsylvania 19087
Telephone:  (610) 667-7706
Facsimile:  (610) 667-7056

*To Defendants' Counsel*

Paul Flum
Morrison & Foerster LLP
32nd Floor
425 Market Street
San Francisco, California 94105
Telephone:  (415) 268-7000
Facsimile:  (415) 268-7522

The objector or his, her, or its counsel (if any) must serve copies of the objection(s) (together with any supporting materials) on counsel listed above and file the

objection(s) and supporting materials with the *Court* no later than **February 10, 2011**.  If an objector hires an attorney to represent him, her, or it for the purposes of making an objection pursuant to this paragraph, the attorney must also serve a notice of appearance on counsel listed above and file it with the *Court* no later than **February 10, 2011**.  Any member of the *Settlement Class* or other *Person* who does not timely file and serve a written objection complying with the terms of this paragraph shall be deemed to have waived, and shall be foreclosed from raising, any objection to the *Settlement*, and any untimely objection shall be barred.

7.      **Appearance at *Fairness Hearing*** – Any objector who files and serves a timely, written objection in accordance with paragraph 6 may also appear at the *Fairness Hearing* either in person or through qualified counsel retained at the objector's expense.  Objectors or their attorneys intending to appear at the *Fairness Hearing* must serve a notice of intention to appear (and, if applicable, the name, address, and telephone number of the objector's attorney) on *Lead Counsel* and *Liaison Counsel* and *Defendants'* counsel (at the addresses set out above) and file it with the *Court* by no later than **March 16, 2012**.  Any objector who does not timely file and serve a notice of intention to appear in accordance with this paragraph shall not be permitted to appear at the *Fairness Hearing*, except for good cause shown.

8.      **Notice Expenses** – The expenses of printing, mailing, and publishing all notices required hereby shall be paid from the *Settlement Fund*.

9.      **Service of Papers** – *Defendants'* counsel and *Lead Counsel* and *Liaison Counsel* shall promptly furnish each other with copies of any and all objections to the *Settlement* that come into their possession.

10.    **Termination of *Settlement*** – If the *Settlement* is terminated in accordance with the terms of the *Settlement Agreement*, this Order shall become null and void, *ab initio*, and shall be without prejudice to the rights of the *Parties*, all of whom shall revert to their positions as of the day immediately before the *Agreement Execution Date*.

11.    **Use of Order** – This Order is not admissible as evidence for any purpose against *Defendants* in any pending or future litigation.  This Order shall not be construed or used as an admission, concession, or declaration by or against *Defendants* of any finding of fiduciary status, fault, wrongdoing, breach, or liability.  This Order shall not be construed or used as an admission, concession, or declaration by or against *Named Plaintiffs* or the *Settlement Class* that their claims lack merit or that the relief requested in the *Action* is inappropriate, improper, or unavailable.  This Order shall not be construed or used as an admission, concession, declaration, or waiver by any *Party* of any arguments, defenses, or claims he, she, or it may have, including, but not limited to, any objections by *Defendants* to class certification, in the event that the *Settlement Agreement* is terminated.  Moreover, the *Agreement* and any proceedings taken pursuant to the *Agreement* are for settlement purposes only.  Neither the fact of, nor any provision contained in the *Agreement* or its exhibits, nor any actions taken thereunder shall be construed as, offered into evidence as, received in evidence as, and/or deemed to be evidence of a presumption, concession, or admission of any kind as to the truth of any fact alleged or validity of any defense that has been, could have been, or in the future might be asserted.

12.    **Jurisdiction** – The *Court* hereby retains jurisdiction for purposes of implementing the Settlement, and reserves the power to enter additional orders to effectuate the fair and orderly administration and consummation of the Settlement as may from time to time be appropriate, and to resolve any and all disputes arising thereunder.

13.    **Continuance of *Fairness Hearing*** – The *Court* reserves the right to continue the *Fairness Hearing* without further written notice.

14.    **Deadline To File Motion for Final Approval of Settlement** – On or before **March 12, 2012**, the plaintiffs shall file all papers in support of final approval of the *Settlement*, the terms of the *Settlement Agreement*, the *Plan of Allocation*, the proposed award of attorneys' fees and expenses, and a *Case Contribution Award* for the *Named Plaintiffs*.

**IT IS SO ORDERED**.

Dated December 13, 2011, at Denver, Colorado.

                                    **BY THE COURT:**

                                    s/ Robert E. Blackburn
                                    United States District Judge