**UNITED STATES DISTRICT COURT**
**DISTRICT OF COLORADO**

CIVIL ACTION NO.  09-cv-0658-REB-CBS

D. EDWARD WALTER and ALICE TEETERS, individually
and on behalf of all others similarly situated,

Plaintiffs,

v.

LEVEL 3 COMMUNICATIONS, INC., et al.

Defendants.

## O<small>RDER</small> AND FINAL JUDGMENT

This *Action* came for hearing on March 23, 2012, 2011 to determine the fairness of the proposed settlement (the "*Settlement*") presented to the Court and the subject of this Court's Order Granting Preliminary Approval of Class Action Settlement, Preliminarily Certifying a Class for Settlement Purposes, Approving Form and Manner of Class Notice, and Setting Date for Hearing on Final Approval of Settlement.  The issues having been duly heard and a decision having been duly reached,

**IT IS ORDERED, ADJUDGED, AND DECREED:**

Except as otherwise defined herein, all capitalized and/or italicized terms used in this Order and Final Judgment shall have the same meanings as ascribed to them in the *Settlement Agreement* executed by *Named Plaintiffs* and *Defendants*.

1.      The Court has jurisdiction over the subject matter of the *Action* and over all parties to the *Action*, including all members of the *Settlement Class.*

2. For the sole purpose of setting and resolving the *Action*, the *Court* certifies this action as a Class action under FED. R. CIV. P. 23(a) and 23(b)(1) and/or 23(b)(2). The *Settlement Class* is defined as:

> All *Persons*, (excluding the *Defendants* and their immediate family members) who were participants in or beneficiaries (including alternate payees) of the *Plan* at any time between February 8, 2007 and December 22, 2009, and whose accounts included investment in the *Company Stock Fund* at any point during that time period.

3. D. Edward Walter and Alice Teeters (the "*Named Plaintiffs*") are appointed as class representatives, Kessler Topaz Meltzer & Check, LLP, Stull Stull & Brody, and Harwood Feffer LLP are appointed as *Lead Counsel*, and Allen & Vellone, P.C. is appointed as *Liaison Counsel* pursuant to FED. R. CIV. P. 23(g).

4. The Court finds that:

(a) The numerosity requirement of FED. R. CIV. P. 23(a)(1) is satisfied because the *Settlement Class* is so numerous that it is impractical to bring all *Settlement Class* members before the Court individually.

(b) The commonality requirement of FED. R. CIV. P. 23(a)(2) is satisfied because the allegations of the Settlement Class present common questions of law or fact, including:

(i) Whether the *Defendants* breached fiduciary obligations to the *Plan* and participants by causing the *Plan* to offer the *Company Stock Fund* as an investment option for the *Plan*;

(ii) Whether the alleged breaches of fiduciary duty by the *Defendants* caused the *Plan* and its participants and beneficiaries to suffer losses.

(c)     The typicality requirement of FED. R. CIV. P. 23(a)(3) is satisfied because the claims of the class representatives arise from the same alleged course of conduct that gives rise to the claims of the *Settlement Class*, and the class representatives' claims are based on the same legal theory as those of the *Settlement Class*. The *Named Plaintiffs* allege that they were *Plan* participants during the *Class Period* with *Plan* accounts that included investments in the *Company Stock Fund*, that the *Plan's* fiduciaries treated them and all other Plan participants alike, and that *Plan*-wide relief is necessary and appropriate under ERISA. Under these circumstances, the claims asserted by the *Named Plaintiffs* are sufficiently typical of the claims asserted by the *Settlement Class* as a whole to satisfy FED. R. CIV. P. 23(a)(3).

(d)     The adequacy requirement of FED. R. CIV. P. 23(a)(4) is satisfied. For the purposes of this *Settlement*, the Court finds that the *Named Plaintiffs* have no conflicting interests with absent members of the *Settlement Class*. Further, the Court is satisfied that *Lead Counsel* are qualified, experienced, and are further prepared to represent the *Settlement Class* to the best of their abilities.

(e)     The requirements of FED. R. CIV. P. 23(b)(1) are also satisfied. Given the *Plan*-representative nature of the *Named Plaintiffs'* breach of fiduciary duty claims where the allegations and all claims in the *Action* were pursued on behalf of the Plan as a whole, for all losses to the entirety of the *Plan* (with individual members of the *Settlement Class* to receive an allocation from the *Plan* recovery), the *Action* presents a paradigmatic example of where adjudications of the claims of individual class members would be dispositive of the interests of the other members not parties to the individual adjudications. There is a risk that prosecution of separate actions by individual

members of the *Settlement Class* would, as a practical matter, be dispositive of the interests of other members not parties to the adjudications, or would substantially impair or impede their ability to protect their interests. There is also a risk of inconsistent dispositions that might prejudice the *Defendants*. This case is thus appropriate for class certification, for purposes of this *Settlement*, under FED. R. CIV. P. 23(b)(1).

(f)     The requirements of FED. R. CIV. P. 23(b)(2) are also satisfied. The *Named Plaintiffs* allege that the *Defendants* have "acted or refused to act on grounds generally applicable to the class" by their management of the *Plans*, which allegedly gives rise to claims for *Plan*-wide relief. *Named Plaintiffs* seek injunctive, declaratory, and equitable monetary relief for the *Settlement Class*, which is the type of claim properly certifiable under FED. R. CIV. P. 23(b)(2).

(g)     The Court has also considered each of the elements required by FED. R. CIV. P. 23(g) in order to ensure that *Lead Counsel* and *Liaison Counsel* will fairly and adequately represent the interests of the *Settlement Class*. *Lead Counsel* and *Liaison Counsel* have done the work necessary to identify or investigate potential claims in the *Action*, to investigate the allegations made in the *Complaint*, including interviewing witnesses, reviewing publicly available information, reviewing documents and materials uncovered in their investigation, consulting with experts, and representing the *Settlement Class'* interests during the litigation. *Lead Counsel* and *Liaison Counsel* have substantial experience in handling class actions and claims of the type asserted in this *Action*. *Lead Counsel* and *Liaison Counsel* have also demonstrated extensive knowledge of the applicable law. The *Court* concludes that *Lead Counsel* and *Liaison Counsel* have fairly and adequately represented the interest of the *Settlement Class*.

(h) The *Settlement Class* has received proper and adequate notice of the *Settlement Agreement*, the *Fairness Hearing*, *Lead Counsel* and *Liaison Counsel's* application of attorneys' fees and expenses and for *Case Contribution Awards* to the *Named Plaintiffs*, and the *Plan of Allocation*, such notice having been given in accordance with the Order Granting Preliminary Approval of Class Action Settlement, Preliminarily Certifying a Class for Settlement Purposes, Approving Form and Manner of Class Notice, and Setting Date for Hearing on Final Approval of Settlement. Such notice included individual notice to all members of the *Settlement Class* who could be identified through reasonable efforts, as well as notice through a dedicated website on the internet, and provided valid, due, and sufficient notice of these proceedings and of the matters set forth in this Order, and included sufficient information regarding the procedure for the making of objections. Such notice fully satisfied the requirements of FED. R. CIV. P. 23 and the requirements of due process, and constituted the best practicable method under the circumstances for providing notice to the Settlement Class.

5. The *Court* hereby approves the *Settlement Agreement* and orders that the *Settlement Agreement* shall be consummated and implemented in accordance with its terms and conditions.

6. Pursuant to FED. R. CIV. P. 23(e), the Court finds that the *Settlement* embodied in the *Settlement Agreement* is a fair, reasonable, and adequate settlement and compromise of the claims asserted in this Action. Specifically, the *Court* finds that:

    (a) The *Settlement* was negotiated vigorously and at arms-length by counsel for the *Defendants*, on the one hand, and the *Named Plaintiffs* and *Lead Counsel* and *Liaison Counsel* on behalf of the *Settlement Class*, on the other hand;

    (b) This *Settlement* was reached with the assistance of an experienced mediator, who was thoroughly familiar with this litigation;

    (c) *Named Plaintiffs* and *Defendants* had sufficient information to evaluate the settlement value of the *Action*;

    (d) If the *Settlement* had not been achieved, the Parties faced the expense, risk, and uncertainty of extended litigation;

    (e) The amount of the *Settlement* – three million two hundred thousand dollars ($3,200,000) – is fair, reasonable, and adequate;

    (f) At all times, the *Named Plaintiffs* have acted independently of Defendants and in the interest of the *Settlement Class*;

    (g) An *Independent Fiduciary* has evaluated the fairness of the *Settlement* to the *Plan* and, concurring with the *Court's* finding that the *Settlement* is reasonable in light of the likelihood of full recovery, the risks and costs of litigation, and the value of the claims foregone, has authorized the *Settlement* on behalf of the *Plan*, as documented in the report filed with this *Court*; and

    (h) Of the notices disseminated, no objections were filed.

  7. Any court order regarding the Plan of Allocation, the application for a Case Contribution Award for Named Plaintiffs, or any application for attorneys' fees and expenses shall in no way disturb or affect this Order and Final Judgment and shall be

considered separate from this Order and Final Judgment. Reversal or modification on appeal of any such order shall not affect the finality of this Order and Final Judgment and shall not constitute grounds for cancellation or termination of the Settlement.

8. The *Action* is hereby dismissed with prejudice, each party to bear his, her, or its own costs, except as expressly provided herein.

9. The Court holds that the Escrow Account established to hold the Settlement Fund is approved in order that it may be a Qualified Settlement Fund for federal tax purposes pursuant to Treas. Reg. § 1.468B-1.

10. Upon the *Effective Date*, the following claims are released by operation of this Order and *Final Judgment*, as set forth in Section 3 of the *Settlement Agreement*:

    (a) <u>*Named Plaintiffs'*, the *Settlement Class'*, and the *Plan's* Releases</u>. The *Named Plaintiffs*, (and their heirs and successors) shall and hereby do conclusively, absolutely, unconditionally, irrevocably, and forever release and discharge, and the *Plan* and the *Settlement Class* shall, by operation of this Order and Final Judgment, be deemed to have conclusively, absolutely, unconditionally, irrevocably, and forever released and discharged the *Plaintiffs' Released Persons* from all *Plaintiffs' Released Claims*. The *Settlement Agreement* defines *Plaintiffs' Released Claims* as: "any and all *Claims* of any nature whatsoever, whether individual, representative, or derivative, known or unknown, accrued or unaccrued, by or on behalf of the *Plan*, the *Named Plaintiffs*, and each and every member of the *Settlement Class*, including their respective heirs, beneficiaries, executors, administrators, past and present partners, agents, attorneys, *Successors*, and assigns that: (a) were brought in the *Action* or arise out of the same or substantially similar facts, circumstances, situations, transactions, or

7

occurrences as those alleged in the *Action;* (b) were brought or could have been brought under *ERISA* based on or relating to investment in *Level 3 Stock* or the *Company Stock Fund* by or through the *Plan* during the *Class Period*; and/or (c) relate to the defense or settlement of the *Action.*"

(b)   <u>*Defendants'* Releases</u>.   *Defendants* shall and hereby do and conclusively, absolutely, unconditionally, irrevocably, and forever release and discharge the *Defendants' Released Persons* from any and all *Defendants' Released Claims* as defined in Section 1.14 of the *Settlement Agreement*. The *Settlement Agreement* defines Defendants' *Released Claims* as: "any and all *Claims* relating to the institution or prosecution of the *Action* or relating to the settlement of any of *Plaintiffs' Released Claims*."

(c)   <u>Scope of Releases</u>.

(i)   Nothing in the *Settlement* shall release or discharge any *Claim* that (a) has been or could be asserted directly or derivatively by any member of the *Settlement Class* or the *Plan* under the federal securities laws or the securities laws of any state regarding the purchase or sale of any *Level 3* security or debt instrument, or (b) has been asserted in the Amended Consolidated Class Action Complaint for Violations of the Federal Securities Laws and Jury Demand, filed on March 23, 2010, in *In re Level 3 Communications, Inc. Sec. Litig.*, No. 1:09-cv-00200-PAB-CBS (D. Colo.) (Docket No. 100); provided, however, that the *Parties* agree that the question of the extent, if any, to which the amount paid in settlement of this matter may constitute an offset or credit against, or a reduction in the gross amount of any claim asserted in the *Securities Action*, is to be determined in such other action, and the *Parties* reserve all rights with respect to the position they may take on that question in that action.

(ii) The release and discharge set forth in this Order and Final Judgment shall not include the release of any rights or duties of the *Parties* arising out of this *Settlement Agreement*, including the express warranties and covenants contained therein.

(iii) *Named Plaintiffs* and *Defendants* hereby expressly waive , and the *Plan* (with the approval of the *Independent Fiduciary* subject to Section 2.4) and the *Settlement Class*, by operation of this Order and Final Judgment shall be deemed to have waived, any and all rights and benefits respectively conferred upon them by the provisions of Section 1542 of the California Civil Code and all similar provisions of the statutory or common laws of any other state, territory, or other jurisdiction.  Section 1542 reads in pertinent part:

> A general release does not extend to claims which the creditor does not know or suspect to exist in his or her favor at the time of executing the release, which if known by him or her must have materially affected his or her settlement with the debtor.

*Named Plaintiffs*, on their own behalf and on behalf of the *Settlement Class*, the *Plan* (with the approval of the *Independent Fiduciary* subject to Section 2.4), and *Defendants* hereby acknowledge that the foregoing waiver of the provisions of Section 1542 of the California Civil Code and all similar provisions of the statutory or common law of any other state, territory, or other jurisdiction is a material term of this *Settlement Agreement* that was bargained for and without which the Parties would not have entered into this *Settlement Agreement*.

(d) <u>Covenants Not to Sue</u>.

(i) From and after the *Effective Date*, *Named Plaintiffs*, and the *Settlement Class* are, without limitation, precluded, estopped, and forever barred from bringing or prosecuting any *Claim* (whether individually, derivatively on behalf of the *Plan*, on behalf of a class, or in any other capacity) released under this Order and Final Judgment against any of *Plaintiffs' Released Persons* or the *Plan*. The foregoing covenant and agreement shall be a complete defense to any such *Claims* against any of *Plaintiff's Released Persons* or the *Plan*.

(ii) From and after the *Effective Date*, *Defendants* are, without limitation, precluded, estopped, and forever barred from bringing or prosecuting any *Claim* (whether individually, derivatively, on behalf of a class, or in any other capacity) released under this Order and Final Judgment against any of *Defendants' Released Persons*, the *Plan*, or any *Defendant*.

11. The *Court* shall retain exclusive jurisdiction to resolve any disputes or challenges that may arise as to the performance of the *Settlement Agreement* or any challenges as to the performance, validity, interpretation, administration, enforcement, or enforceability of the *Class Notice*, this *Final Judgment*, or the *Settlement Agreement* or the termination of the *Settlement Agreement*. The *Court* shall also retain exclusive jurisdiction and rule by separate Order with respect to all applications for attorneys' fees and any payment of *Case Contribution Awards* to the *Named Plaintiffs*, and reimbursement of expenses, submitted pursuant to the *Settlement Agreement*.

12. In the event that the *Settlement Agreement* is terminated in accordance with its terms, this *Order and Final Judgment* shall be rendered null and void, *ab initio*, and shall be vacated *nunc pro tunc*, and this *Action* shall for all purposes with respect to

the *Parties* revert to its status as of the day immediately before the *Agreement Execution Date*. The *Parties* shall be afforded a reasonable opportunity to negotiate a new case management schedule.

13. The *Court* recognizes that *Defendants* have denied and continue to deny the claims of *Named Plaintiffs* and the *Settlement Class*. Neither the *Settlement Agreement*, this *Order and Final Judgment*, any act performed or document executed in furtherance of the *Settlement*, nor the fact of the *Settlement* shall be used or construed as an admission, concession, or declaration of the *Defendants*, or any other person, of any finding of fiduciary status, fault, omission, mistake, or liability, nor shall be offered as evidence of any liability in this *Action* or any other proceeding.

**IT IS SO ORDERED**.

DATED:  March 26, 2012

                                              **s/ Robert E. Blackburn**

                                              _____
                                              HON. ROBERT E. BLACKBURN
                                              UNITED STATES DISTRICT JUDGE